UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 7: 05-009-DCR-01 |
| ) | |
| V. ) | |
| ) | |
| PHIL DEE MULLINS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Phil Dee Mullins is serving a term of imprisonment of 148 months following his guilty plea for: (i) conspiracy to distribute and/or possess marijuana; (ii) conspiracy to commit money laundering; and (iii) being a felon in possession of a firearm. [Record No. 162] Mullins was sentenced to 148 months on the drug conviction and 60 months each on the money laundering and firearm offenses, which run concurrently for a total term of 148 months. [*Id.*]

In a letter, which will be construed as a motion, Mullins has asked the Court to modify or reduce his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 187] Following review of the motion and the facts and circumstances underlying Mullins' conviction, the Court declines to exercise its discretion to reduce Mullins sentence. [1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

Mullins' convictions were grouped together under U.S.S.G. § 3D1.2(c) because the money laundering and firearm charges embody "conduct that is treated as a specific offense characteristic in/other adjustment to the guideline applicable to," and "are directly connected to the underlying conduct" in, Count 1. [Record No. 158, ¶¶ 31–32] Where counts are grouped together under § 3D1.2(c),

> the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e. the highest offense level of the counts in the Group.

U.S.S.G. § 3D1.3(a) (2004 ed.).[2] With respect to Count 2 (conspiracy to commit money laundering), Mullins' Base Offense Level was 34, under the application of §2S1.1(a)(1). Under this section, the base offense level for the money laundering charge is based on the "offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense . . . and (B) the offense level for that offense level can be determined." U.S.S.G. § 2S1.1(a)(1). Here, Mullins' base offense level was determined by referencing the Base Offense Level for Count 1 — the drug conspiracy charge. The drug conspiracy charge, at the time of sentencing, was an offense level of 34. Thus, 34

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

2   Because application of the 2003 edition, which was in effect during the last known commission of Mullins' offense, and the 2004 edition, which was in effect at the time of sentencing, ultimately resulted in the same offense level, the 2004 Guidelines Manual was used to calculate the Adjusted Offense Level at sentencing. [Record No. 158, ¶ 31]

was used as the Base Offense Level for the money laundering charge, which was increased by two levels under U.S.S.G. § 2S1.1(b)(2)(B), resulting in an offense level of 36. [Record No. 158, pp. 12–15] The guideline range for the money laundering charge was the highest offense level when compared to offense levels of 34 for the drug conviction, and 22 for the conviction for felon in possession of a gun. [*Id.*] Thus, Mullins' guideline range was calculated by using the offense level for Count 2, the money laundering conviction, which was reduced by three levels for acceptance of responsibility, resulting in a Total Offense Level of 33. [Record No. 158, ¶¶ 55–57] Mullins was placed in Criminal History Category I. As a result, Mullins' guideline range at sentencing was calculated to be 135 to 168 months.

Mullins was subject to a 240 month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). [*See* Record No. 158, p. 25.] However, because Mullins benefitted from a motion under § 5K1.1 and 18 U.S.C. § 3553(e), the sentence imposed was less than the mandatory minimum.[3] Considering the recent drug calculation amendments, the guideline range for Count 1 would be reduced to 32. The Base Offense Level for the money laundering charge would also be affected by the amendments, because it would also be reduced to 32 by operation of § 2S1.1(a)(1). The money laundering offense would have a new Total Offense

---

3   The 2014 edition of the United States Guideline Manual was amended to include the following Police Statement in § 1B1.10:

> (c)   <u>Cases Involving Mandatory Minimum Sentences and Substantial Assistance</u>.—If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c). Accordingly, Mullins' amended guideline range will be determined without reference to the statutory mandatory minimum.

Level of 31 following the amendments, which correlates to a non-binding guideline range of 108 to 135 months. Notwithstanding this revised guideline range, the facts of the case do not support a further reduction of Mullins' sentence.

Mullins admitted that he, John Blayne Tackett, James Robert Mullins, Doug Belcher, Darrell Belcher, Ronnie Johnson, and others conspired to distribute/possess more than 1,000 kilograms of marijuana in Pike and Letcher counties from January 2001 until June 2004. [Record Nos. 158, 160] These defendants also participated in a related conspiracy to launder the proceeds folloiwing distribution of the marijuana. [Record No. 160, p. 3] Mullins, who was previously convicted in Virginia on charges relating to a lengthy conspiracy to distribute marijuana in the early 1990s, admitted that he and others stored and distributed marijuana on the premises of "Phil Dee's Used Cars" in Jenkins, Kentucky. [Record No. 158, p. 7] Mullins admitted that he "distribute[d] marijuana on numerous occasions." [Record No. 160, p. 3] And he further admitted that he "knew and understood that . . . drug proceeds were transported across state lines in sums greater than $10,000.00 for payment for the loads of marijuana." [Record No. 160, p. 3] At sentencing, 1,000 kilograms of marijuana were attributable to Mullins. [Record No. 158, p. 13]

The issue presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. In making this determination, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes. The Court's conclusion regarding the

appropriate sentence for Mullins' is unchanged from that at sentencing. There is simply no reason to reduce Mullins' sentence below the 148 month term of imprisonment imposed.

Mullins and his business were a necessary component of a large and long-lasting drug conspiracy in Eastern Kentucky. Mullins was responsible for 1,000 kilograms of marijuana, which is a large quantity of drugs in that area. A reduced sentence would unduly diminish the seriousness of this crime and fail to provide sufficient punishment to Mullins. Mullins was not a stranger to the criminal justice system. However, his earlier conviction did not sufficiently dissuade him from drug distribution. Under these circumstances, the Court finds that a reduction to Mullins' sentence would not provide sufficient deterrence.

Further, considering Mullins' past criminal history and his possession of firearms, the Court concludes that there is a strong likelihood that Mullins will commit similar offenses in the future. A sentence of 148 months is necessary to protect the public from future crimes committed by this defendant. Further, Mullins' positive characteristics and cooperation with the government do not outweigh the aggravating factors presented by this case and warrant reduction of his sentence. The Court has considered the high costs of incarceration, but finds that those costs do not outweigh the other considerations outlined above.

The Court again finds that a sentence of 148 months, no more and no less, is sufficient but not greater than necessary to attain the statutory goals and objectives outlined in § 3553. Accordingly, it is hereby

**ORDERED** that Defendant Phil Dee Mullins' motion for modification or reduction of sentence under 18 U.S.C. §3582(c)(2) [Record No. 187] is **DENIED**.

This 8th day of May, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge